UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff/Respondent, | ) ) ) | No. 6:10-CR-14-GFVT-HAI-1 |
| v. | ) ) | RECOMMENDED DISPOSITION |
| KENNETH DALE PHILLIPS, | ) ) | |
| Defendant/Movant. | ) ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On March 23, 2011, Defendant pled guilty to possession with intent to distribute five grams or more of cocaine base. D.E. 26, 29. Defendant's Presentence Investigation Report ("PSR") and its addendum ascribed Defendant a criminal history category of VI and a base offense level 37, as Defendant was determined to be a career offender under §4B1.1. D.E. 58 at ¶ 20, 41. Factoring in a reduction for acceptance of responsibility, the PSR ascribed a total offense level of 34, yielding a Guidelines Range of 262 to 327 months. *Id*. at ¶ 20, 63. At sentencing, District Judge Van Tatenhove adopted the PSR without objection. D.E. 50. However, Judge Van Tatenhove departed downward from the Guidelines and sentenced Defendant to 180 months imprisonment to run consecutive to Defendant's imprisonment under any previous state of federal sentence. D.E. 53. Judgment was entered September 15, 2011. *Id.* Defendant filed an appeal, which was denied by the Sixth Circuit Court of Appeals on February 13, 2013. D.E. 72. Defendant did not file a petition for a writ of certiorari.

On May 20, 2016, Defendant filed an "Application for Leave to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence 28 U.S.C. § 2255 By a Prisoner in Federal Custody." D.E. 87. The application was forwarded to the Sixth Circuit, where it

1

remains pending in *In Re: Kenneth Dale Phillips*, Case No. 16-5847. On June 13 2016, Defendant filed a letter asking the Clerk to file the letter in the record requesting that the court determine the applicability of "Welch/Johnson case" on his sentence. D.E. 90. Judge Van Tatenhove construed Defendant's letter as a 28 U.S.C. § 2255 motion. D.E. 89.

Under Rule 4 of the Rules Governing Section 2255 Proceedings, the Court must conduct a prompt "preliminary review" of the motion. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." *Id.*; *see also* 28 U.S.C. § 2255(b) (permitting dismissal of a § 2255 motion when "the files and records of the case conclusively show that the prisoner is entitled to no relief"). Because Defendant's motion plainly lacks merit and is time-barred, it must be denied.

### I. Legal Standards

Under 28 U.S.C. § 2255, a federal prisoner may seek habeas relief because his sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such a sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255. To prevail on a § 2255 motion alleging constitutional error, a defendant must establish that the error had a "substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A § 2255 movant bears the burden of proving his or her allegations by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam).

The Court recognizes that Defendant is proceeding *pro se*, without the assistance of an attorney. The Court construes *pro se* motions more leniently than other motions. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Castro v. United States*, 540 U.S. 375, 381-83 (2003).

Nevertheless, § 2255 imposes a strict one-year statute of limitations. That limitations period runs from the latest of four events, only two of which are relevant in this case:

(1) the date on which the judgment of conviction becomes final;

(2) [or] . . .

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]

28 U.S.C § 2255(f).

When a Defendant appeals, "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction. *Clay v. United States*, 537 U.S. 522, 524 (2003). The Supreme Court of the United States's Rules mandate that a petition for writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment." Rules of the Supreme Court of the United States Rule 13. Thus, Defendant's one-year statute of limitations under § 2255(f)(1) expired in May 2014. Unless he can show that § 2255(f)(1) does not apply, his claim is time-barred.[1]

## II. Analysis

Defendant's letter does not specifically address any issue of timeliness. However, based on Defendant's "Welch/Johnson" statement, the Court will construe his letter as arguing that § 2255(f)(3) should apply based upon *Johnson v. United States*, 135 S. Ct. 251 (2015). The *Johnson* decision indeed fits within § 2255(f)(3)'s parameters. The Court in *Johnson* recognized

---

[1] Defendant makes no claim of actual innocence or for equitable tolling, which can extend the limitations period. *See Souter v. Jones*, 395 F.3d 577, 598-601 (6th Cir. 2005); *Hargrove v. Brigano*, 300 F.3d 717, 719-20 (6th Cir. 2002). His application recognizes the timeliness issue (D.E. 87 at 5), and the Court construes his argument as relying on *Welch* and *Johnson* to assert that § 2255(f)(3)) applies.

a new right that has been made retroactively applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). The holding of *Johnson* was that the "residual clause" portion of the definition of "violent felony" in the Armed Career Criminal Act (18 U.S.C. § 924(e)(1)) was unconstitutionally void for vagueness.

Defendant, however, was not sentenced under the Armed Career Criminal Act, but as a Career Offender under §4B1.1. *See* D.E. 58 at ¶ 20, 41. Thus, Defendant's argument is that *Johnson* applies to his Career Offender enhancement under the Guidelines. The Sixth Circuit recently held that *Johnson* does indeed apply to certain Career Offender sentences. *United States v. Pawlak*, __ F.3d __, No. 15-3566, 2016 WL 2802723 (6th Cir. May 13, 2016); *see also United States v. Stephens*, No. 15-5553, 2016 WL 3194689, at *1 (6th Cir. June 9, 2016). The Court in *Pawlak* joined the majority of Circuits "in invalidating the Guidelines' 'residual clause' as unconstitutionally vague." *Pawlak*, 2016 WL 2802723, at *1. The Court held that *Johnson* applied to the clause in USSG § 4B1.2(a)(2) that was "textually identical" to the Armed Career Criminal Act's residual clause. *Id.* at *1, *4.[2]

Section 4B1.1(a) of the Guidelines defines "Career Offender" for sentencing purposes:

**(a)** A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Section 4B1.2 then defines the terms "crime of violence" and "controlled substance offense:"

(a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

**(1)** has as an element the use, attempted use, or threatened use of physical force against the person of another, or

---

[2] *Pawlak*'s retroactivity is, at this point, unsettled. The Court need not determine whether Defendant can benefit from *Pawlak* because, even if *Pawlak* is retroactive, its holding does not apply to his case.

4

>> **(2)** is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.
>
> **(b)** The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

The italicized portion of USSG § 4B1.2(a)(2) printed above is the clause that was invalidated in *Pawlak*. *Pawlak*, 2016 WL 2802723, at *8-9. Accordingly, assuming that *Johnson* (through *Pawlak*) applies retroactively to Career Offenders, Defendant's motion would only be timely if his Career Offender status depended on the residual clause of the Guidelines' definition of "crime of violence."

Defendant cannot rely on *Johnson*, *Welch*, and *Pawlak* to overcome the one-year statute of limitations because his sentence did not involve § 4B1.2(a)(2)'s residual clause. Defendant's Career Offender designation was based on having "at least two prior felony convictions of…a crime of violence." *See* USSG § 4B1.1(a). Defendant's PSR states that Defendant has two convictions for crimes of violence: 1) Burglary 2nd Degree-Residence committed in February 1993; and 2) Robbery 2nd Degree in August 2003. D.E. 58 at ¶ 41. Each of these offenses qualifies as a crime of violence under § 4B1.1 but not because of the residual clause.

A crime of violence is defined as, among other enumerated offenses, "a burglary of a dwelling." U.S.S.G. §4B1.2(a)(2). It is clear that Defendant's prior conviction for burglary would qualify as a "burglary of a dwelling." The PSR states that Defendant entered a residence and took several items of jewelry. D.E. 58 at ¶ 27; *see Taylor v. United States*, 495 U.S. 575, 598 (1990) (defining burglary for purposes of § 924(e) as being "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime."). Therefore, this

5

conviction would be an enumerated crime of violence under §4B1.2, and the residual clause does not apply.

Second, the Robbery 2nd Degree was also correctly considered a crime of violence. §4B1.2(a)(1) provides, in part, that a crime of violence means any offense under states law punishable by a term exceeding one year that "has an element the use, attempted use, or threatened use of physical force against the person of another[.]" Robbery in the second degree requires that "in the course of committing theft, [a person] uses or threatens the immediate use of physical force upon another person with intent to accomplish the theft." Ky. Rev. Stat. § 515.303. Clearly, by its terms, § 515.303 meets the requirements of §4B1.2(a)(1), and thus the residual clause was not utilized to find robbery in the second degree to be a crime of violence. Moreover, the Court notes that Defendant did not object to his classification as a career offender, and did not raise this issue on appeal.

The record therefore makes clear that Defendant qualifies as a career offender on the basis of an enumerated crime of violence in §4B1.2(a)(2), and a crime of violence under §4B1.2(a)(1), not by operation of the residual clause. *Johnson*, *Welch*, and *Pawlak* have no applicability to his case. *Johnson* has no effect on his statute of limitations, and it has no application to his sentence. Defendant's motion is both clearly time-barred and unmistakably fails on the merits. Furthermore, the District Judge imposed a below-Guidelines sentence.

In this case, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Because "it plainly appears . . . that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4.

### III. Conclusion

Having conducted a preliminary review, the undersigned finds that Defendant's motion is plainly meritless. The one-year statute of limitations began to run on the date his judgment of conviction became final, which occurred in May 2014. Defendant's motion for § 2255 relief is untimely as *Johnson* is inapplicable to his case and Defendant may not use it to invoke § 2255(f)(3)'s alternative statute of limitations. The undersigned therefore **RECOMMENDS** that Defendant's motions (D.E. 90) be **DENIED** as time-barred. In the alternative, it is also unambiguous that the motion should be denied on the merits.

The undersigned further **RECOMMENDS** that no Certificate of Appealability issue. *See* 28 U.S.C. § 2253(c)(2). When a case is dismissed on procedural grounds, a Certificate may only issue if the movant can show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Defendant's sole theory regarding the merits and the timeliness of his case relies on the applicability of *Johnson*. Because *Johnson* and *Pawlak* are plainly not applicable, reasonable jurists would not find this dismissal debatable.

In certain circumstances, prior notice of dismissal is required. *Shelton v. United States*, 800 F.3d 292, 294 (6th Cir. 2015); *see also Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000) (explaining that when the court's *sua sponte* dismissal is based on procedural grounds, "the district court must provide notice and an opportunity to be heard prior to dismissal," but when "the dismissal is based on the merits . . ., no prior notice is required"). *Shelton* recognizes that a petitioner's opportunity to object to a Magistrate Judge's Recommended Disposition satisfies the notice requirement. *Shelton*, 800 F.3d at 295.

7

Thus, any objection to, or argument against, dismissal must be asserted properly and in response to this Recommended Disposition. The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 5th day of July, 2016.

Signed By:
Hanly A. Ingram
United States Magistrate Judge