UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 6:10-cr-14-GFVT-HAI-1 |
| Plaintiff/Respondent, ) | Civil No. 6:16-cv-00122-GFVT-HAI |
| ) | |
| V. ) | |
| ) | **ORDER** |
| KENNETH DALE PHILLIPS, ) | |
| ) | |
| Defendant/Movant. ) | |

*** *** *** ***

This matter is before the Court pending review of the Recommended Disposition of United States Magistrate Judge Hanly A. Ingram, filed on July 5, 2016. [R. 92.] On June 24, 2016, this Court construed a letter from Defendant Kenneth Phillips, which inquired about a possible sentence reduction pursuant to *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2251 (2015), and *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257 (2016), as a motion to vacate his sentence under 28 U.S.C. § 2255. Consistent with local practice, Magistrate Judge Ingram's Recommended Disposition addresses Mr. Phillips's construed § 2255 habeas petition.

After considering the record, Judge Ingram determined that, first, Mr. Phillips's motion is time-barred, and, second, Mr. Phillips is not entitled to the relief he seeks pursuant to the *Johnson* decision. Specifically, Judge Ingram explained that Mr. Phillips qualifies as a career offender based on his prior offenses classified under United States Sentencing Guidelines §4B1.2(a)(2) and §4B1.2(a)(1). Mr. Phillips was not deemed a career offender by operation of the career offender enhancement's residual clause; thus, the *Johnson*, *Welch*, and *United States v. Pawlak*, ___ F.3d ___, No. 15-3566, 2016 WL 2802723 (6th Cir. May 13, 2016), decisions have no impact on his sentence. [*See* R. 92 at 4-6.]

In order to receive *de novo* review by this Court, any objection to a recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007). A general objection that fails to identify specific factual or legal issues from the recommendation is not permitted, since it duplicates the magistrate's efforts and wastes judicial economy. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a magistrate's recommended disposition are also barred from appealing a district court's order adopting that recommended disposition. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

As of this date, neither Mr. Phillips nor the Government has filed objections to Judge Ingram's Recommended Disposition or sought an extension of time to do so. Rather than filing objections, Mr. Phillips has written two letters requesting the appointment of counsel and inquiring about the status of his § 2255 petition. [R. 93; R. 94.] Even under the more lenient standard applied to *pro se* defendants, *see Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985), these letters cannot be considered specific objections. To the extent Mr. Phillips's two letters may be construed as motions for the appointment of counsel, there is no right to counsel for post-conviction habeas proceedings. *See, e.g., Abdus-Samand v. Bell*, 420 F.3d 614, 632 (6th Cir. 2005). Requests for appointment of counsel in habeas cases are ordinarily considered under 18 U.S.C. § 3006A; however, the Court has wide discretion over the decision based on the interests of justice and the requirements of due process. *See* 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. § 2255(g). Having reviewed Mr. Phillips's requests, the Court does not believe that counsel is

needed to assist with the determination of whether he is entitled to relief under *Johnson*, as Magistrate Judge Ingram has already determined that Mr. Phillips was not sentenced pursuant to the career offender enhancement's residual clause.

Although the Court concludes that neither party has filed objections to the Recommended Disposition within the appropriate time period, the Court has still considered the record and ultimately agrees with the Magistrate Judge's recommendation. Furthermore, the Court declines to issue a certificate of appealability. The Court determines that reasonable jurists would not find the denial of Phillips's § 2255 motion debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** that:

1. The Magistrate's Recommended Disposition [R. 92] as to Kenneth Dale Phillips is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Phillips's § 2255 petition is **DENIED**;

3. A Certificate of Appealability is **DENIED**; and

4. **JUDGMENT** is entered in favor of the United States and Civil No. 6:10-cv-00122-GFVT-HAI will be **STRICKEN** from the Court's active docket.

This the 23rd day of September, 2016.

Gregory F. Van Tatenhove
United States District Judge