UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Crim. No.: 6:10-cr-00014-GFVT-HAI-1 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| KENNETH DALE PHILLIPS, ) | **&** |
| ) | **ORDER** |
| Defendant. ) | |
| ) | |
| ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Kenneth Dale Phillips's Motion to Reduce Sentence and Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). [R. 101; R. 102.] For the reasons that follow, Mr. Phillips's motions will be DENIED.

**I**

On September 14, 2011, this Court sentenced Mr. Phillips to 180 months of imprisonment and eight years of supervised release after he pleaded guilty to Possession with Intent to Distribute Five Grams or More of Cocaine Base in violation of 21 U.S.C. § 841 and § 851. [R. 53.] On January 31, 2022, the Court received a letter from Mr. Phillips, which was construed as a motion to appoint counsel and for compassionate release. [R. 99.] The Court denied the motion on February 3 because the letter did not indicate that Mr. Phillips had exhausted his administrative remedies. [R. 100.]

On February 7, 2022, Mr. Phillips filed his Motion to Reduce Sentence requesting a two-point reduction in his sentence and his Motion for Compassionate Release. [R. 101; 102.] The Government responded in opposition on February 21, arguing that (1) Mr. Phillips's request for

the two-point reduction is moot because the Court previously denied the two-point reduction, and (2) the Court did not satisfy the extraordinary and compelling circumstances standard or the § 3553(a) factors. [R. 107.] The Court will address both of Mr. Phillips's motions, starting with the motion for compassionate release.

## II

### A

#### 1

As an initial matter, the Court addresses the exhaustion requirement, which is a mandatory prerequisite to a prisoner bringing a motion for compassionate release in district court. *See United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). Under the First Step Act, a compassionate release reduction must first be sought through the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A). The First Step Act altered the compassionate release provision of 18 U.S.C. § 3582, allowing a defendant to move for such a reduction, whereas previously only the Bureau of Prisons could do so. Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194. But a defendant must first demonstrate that he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020) ("defendants now may bring reduction-of-sentence motions on their own once they exhaust any administrative remedies or wait 30 days from the date they request relief from the Bureau of Prisons").

Here, Mr. Phillips exhausted his administrative remedies, as confirmed by the BOP. [*See*

R. 107 at 1 n.1.] Accordingly, the Court will proceed to the merits of Mr. Phillips's motion.

2

Under the plain text of § 3582(c)(1)(A), compassionate release "is discretionary, not mandatory." *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020). In general, at the court's discretion, § 3582 allows for modification of a term of imprisonment if the following substantive requirements are met: (1) a finding that extraordinary and compelling reasons merit a reduction in sentence; (2) a finding that the reduction in sentence is consistent with applicable Sentencing Commission policy statements; and (3) a finding that applicable § 3553(a) factors support release. *Id.* However, if a prisoner files a motion for compassionate release, as opposed to a motion brought by the Director of the Bureau of Prisons, "federal judges may skip step two of the § 3582(c)(1)(A) inquiry." *Id.* at 1111; *see also United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) ("[Section] 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates"); *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021) (finding evaluation of the § 1B1.13 policy statement is "no longer a requirement courts must address in ruling on defendant-filed motions"). This means that in motions for compassionate release brought by prisoners, once extraordinary and compelling reasons meriting a reduction in sentence have been found, the court can skip straight to analyzing the applicable § 3553(a) factors.

Under the first step, in determining whether extraordinary and compelling reasons exist to merit a sentence reduction, district courts have wide latitude. *See Jones*, 980 F.3d at 1109 ("Until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason

3

justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion.").

Mr. Phillips "presents the following factors constituting 'extraordinary and compelling reasons' for compassionate release:" (1) lower recidivism risk because of age; (2) record of rehabilitation; (3) the Covid-19 pandemic; (4) medical conditions; and (5) stable home release plan. [R. 102.] After review, the Court finds that these factors do not constitute extraordinary and compelling circumstances justifying release.[1]

Mr. Phillips avers that he has had knee and shoulder surgery while incarcerated and also had his gall bladder removed. [R. 102 at 8.] Furthermore, Mr. Phillips states that had a bacterial infection in his foot and spent sixty-three days in the hospital and will need additional shoulder, back, and knee surgeries. *Id.* These types of injuries, while serious, are not the kinds of injuries that constitute extraordinary and compelling circumstances justifying release, particularly given that Mr. Phillips has not indicated that he is unable to care for himself. *See United States v. McComb*, 2021 WL 2102026, at *2 (S.D. Ohio May 25, 2021) (finding that knee, gall bladder and stomach surgeries in addition to needed future foot and hip surgeries and "high blood pressure and unspecified liver and kidney problems" did not "arise to an extraordinary level").

Furthermore, to the extent Mr. Phillips is worried about his health conditions in conjunction with the Covid-19 pandemic, Mr. Phillips is fully vaccinated.[2] This fact strongly weighs against a finding of extraordinary and compelling circumstances. *See United States v. Lemons*, 15 F. 4th 747, 751 (6th Cir. 2021) (finding access to Covid-19 vaccine "substantially

---

[1] Although Mr. Phillips argues that his lower recidivism risk because of age, record and rehabilitation, and stable home plan constitute extraordinary and compelling circumstances justifying release, the Court will evaluate them in the context of the § 3553(a) factors.
[2] Although Mr. Phillips's medical records indicate that he refused the Moderna Covid-19 vaccine on April 20, 2021, Mr. Phillips states in his motion that he "has received both doses of the Moderna vaccination." [R. 102 at 7.]

undermines" a request for compassionate release); *United States v. Traylor*, 16 F. 4th 485, 487 (6th Cir. 2021) (finding a lack of extraordinary and compelling circumstances notwithstanding the "serious nature of [defendant's] medical conditions" because defendant had "received both doses of the Pfizer vaccine"). Accordingly, Mr. Phillips's health concerns in combination with the Covid-19 pandemic do not constitute extraordinary and compelling circumstances justifying release.

### 3

However, even if Mr. Phillips had satisfied the extraordinary and compelling circumstances standard above, his motion would still fail because he fails to satisfy the applicable § 3553(a) factors. "[D]istrict courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief." *Ruffin*, 978 F.3d at 1008. The § 3553(a) factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed--
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for--
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
        (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
        (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

      (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
(5) any pertinent policy statement--
      (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
      (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

      Here, Mr. Phillips argues that the fact he is fifty-two means that he has a much lower risk of recidivism. *Id.* at 1–3. Furthermore, Mr. Phillips argues that he has not incurred any violent or serious disciplinary violations while in prison and has "completed numerous courses and work assignments" during his incarceration. *Id.* at 3–4. Mr. Phillips also states that he has a stable home plan with his brother in Mt. Vernon, Kentucky, and employment waiting for him upon his release. *Id.* at 8–9. Although the Court finds Mr. Phillips's rehabilitative efforts to be commendable, they only tell part of the story. Mr. Phillips has developed a lengthy disciplinary history while incarcerated. He has disposed of items before a search, refused work assignments on multiple occasions, and has been cited for using and/or possessing drugs or alcohol at least ten times within his institution. [R. 106-2 at 5.] This concerning disciplinary record does support Mr. Phillips's stated record of rehabilitation.

      Furthermore, Mr. Phillips has a criminal history category of VI and is a Career Offender.

[R. 58 at 10.] His convictions include drug trafficking, burglary second degree, robbery second degree, theft, and escape second degree. *Id.* at 6–9. Mr. Phillips also has numerous convictions for operating a vehicle while under the influence of alcohol or drugs numerous times and possession of marijuana or controlled substance. *Id.* Given Mr. Phillips's lengthy criminal history and disciplinary record, the Court finds that Mr. Phillips remains a recidivism risk despite his age and home plan. The Court further finds that the public is protected through continued incarceration, and that continued incarceration reflects the seriousness of Mr. Phillips's drug trafficking offense. Ultimately, Mr. Phillips has failed to demonstrate extraordinary and compelling circumstances justifying release or satisfy the § 3553(a) factors and his motion will be denied.

**B**

Mr. Phillips also asks the Court to reconsider its denial of the two-point reduction for nonviolent drug offenders. [R. 101.] In 2015, the Court denied Mr. Phillips's request for the two-point reduction pursuant to Amendment 782 of the Sentencing Guidelines because of his career offender status. [R. 83.] In support of his motion for reconsideration, Mr. Phillips cites the length of his incarceration, states that he has gained control of his previous drug problem, and asks for the chance to turn his life around.[3] *Id.*

However, Mr. Phillips's motion fails to demonstrate that the Career Offender guidelines no longer apply to him, and he does not provide the Court with facts or caselaw that would justify reconsideration of the Court's previous denial. The Sixth Circuit has established that Amendment 782 does not apply "when the defendant's initial sentence was based on his or her

---

[3] Mr. Phillips also states that he has been a "model inmate." [R. 101 at 1.] Sadly, his six-page disciplinary record, discussed *supra*, tells a different story.

status as a career offender." *United States v. Cook*, 870 F.3d 464, 470 (6th Cir. 2017) (citing *United States v. Payton*, 617 F.3d 911, 914 (6th Cir. 2010)). Accordingly, Mr. Phillips's motion will be denied.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Mr. Phillips's Motion to Reduce Sentence **[R. 101]** is **DENIED**;

2. Mr. Phillips's Motion for Compassionate Release **[R. 102]** is **DENIED**; and

3. The United States' Sealed Motion for Leave to Seal a Document **[R. 105]** is **GRANTED**.

This the 12th day of April, 2022.

Gregory F. Van Tatenhove
United States District Judge