UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Crim. No. 6:10-cr-00014-GFVT-HAI-1 |
| ) | |
| v. ) | |
| ) | |
| KENNETH DALE PHILLIPS, ) | **MEMORANDUM OPINION** |
| ) | **&** |
| Defendant. ) | **ORDER** |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Kenneth Dale Phillips's Motion for Reconsideration of the Court's denial of Mr. Phillips's Motion for Compassionate Release, pursuant to 18 U.S.C. § 3582(c)(1)(A). [R. 110.] For the reasons that follow, Mr. Phillips's motion will be DENIED.

**I**

On September 14, 2011, this Court sentenced Mr. Phillips to 180 months of imprisonment and eight years of supervised release after he pled guilty to Possession with Intent to Distribute Five Grams or More of Cocaine Base in violation of 21 U.S.C. § 841 and § 851. [R. 53.] On January 31, 2022, Mr. Phillips wrote a letter that the Court construed as a motion for appointment of counsel and compassionate release. [R. 99.] Mr. Phillips failed to demonstrate that he had a right to counsel or that he had exhausted his administrative remedies, and the Court denied Mr. Phillips's motions on February 3. [R. 100.]

On February 7, Mr. Phillips again moved for compassionate release and a sentence reduction. [R. 101; R. 102.] The Government responded to Mr. Phillips's motions on February 21. [R. 107.] The Court found that Mr. Phillips had exhausted his administrative remedies but denied his compassionate release motion on April 12, finding that he failed to demonstrate extraordinary and compelling circumstances justifying release and failed to satisfy the § 3553(a) factors. [R. 109.] The Court also denied Mr. Phillips's motion for a two-point reduction for nonviolent drug offenders, finding the reduction inapplicable to him because of his career offender status. *Id.* at 7–8.

On July 5, Mr. Phillips asked the Court to review its prior decision in light of a recent Supreme Court decision, *Concepcion v. United States*, 142 S. Ct. 2389 (2022), which allows district courts to consider intervening changes of law or fact in considering whether to reduce an individual's prison sentence under the First Step Act. [R. 110 at 2.] Mr. Phillips also asked the Court to examine Executive Order 14074, which "breath[ed] new life into [the] Cares Act and the First Step Act." *Id.* at 3.

## II

Compassionate release "is discretionary, not mandatory." *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020). In general, at the court's discretion, § 3582 allows for the modification of a term of imprisonment if the following substantive requirements are met: (1) a finding that extraordinary and compelling reasons merit a reduction in sentence; (2) a finding that the reduction in sentence is consistent with applicable Sentencing Commission policy statements; and (3) a finding that applicable § 3553(a) factors support release. *Id.* However, if a prisoner files a motion for compassionate release, as opposed to a motion brought by the Director of the Bureau of Prisons, "federal judges may skip step two of the § 3582(c)(1)(A) inquiry." *Id.*

at 1111; *see also United States v. Elias*, 984, F.3d 516, 519 (6th Cir. 2021); *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).

In *Concepcion*, the Supreme Court held that district courts, in considering sentence reductions pursuant to the First Step Act, may consider intervening changes in law or fact in determining whether to grant the motion. 142 S. Ct. at 2396. While *Concepcion* is relevant to this case, Mr. Phillips failed to provide any additional evidence—legal or factual—that the Court should consider in his motion for reconsideration. Informing the Court that he has "learned [his] lesson" and needs "for someone to help [him] and give [him] a chance to continue life on the right side of things" does not constitute new evidence. [R. 110 at 1.] Therefore, the previous order still stands, and the Court finds that Mr. Phillips has failed to demonstrate extraordinary and compelling circumstances justifying release.

Furthermore, the Court previously determined that Mr. Phillips failed to satisfy the § 3553(a) factors, and Mr. Phillips has provided no additional evidence to the contrary. [R. 109 at 5.] Therefore, even if the *Concepcion* decision altered the Court's previous decision regarding the 'extraordinary and compelling' requirement for compassionate release, Mr. Phillips still fails to meet the requisite § 3553(a) factors. Although the Court is encouraged by Mr. Phillips's rehabilitative efforts while incarcerated, Mr. Phillips's disciplinary record while in prison is concerning and bolsters the Court's finding that the § 3553(a) factors are not met. *Id.* at 6.

Mr. Phillips also asks the Court to consider Executive Order 14074 in addressing his reconsideration motion. [R. 110 at 3.] Although the executive order provides that "no one should be required to serve an excessive prison sentence" and includes directives to law enforcement agencies and the Attorney General under the First Step Act, Mr. Phillips has failed to demonstrate that the executive order binds the Court in any way, encourages the Court to take

3

any particular action, or is even relevant in this case. Executive Order 14074, *Advancing Effective, Accountable Policing and Criminal Justice Practices to Enhance Public Trust and Public Safety*, https://www.presidency.ucsb.edu/documents/executive-order-14074-advancing-effective-accountable-policing-and-criminal-justice (last visited July 25, 2022). Accordingly, Mr. Phillips's motion as it pertains to Executive Order 14074 fails.

Finally, Mr. Phillips's request to reconsider his two-point reduction for non-violent offenders is without merit. Mr. Phillips's *Concepcion* argument does not change the fact that he has a criminal history category of VI, and he is a career offender. *Id.* Mr. Phillips's record is extensive and contains a host of different charges including drug trafficking, burglary second degree, robbery second degree, theft, escape second degree, and several charges for operating a vehicle while under the influence of alcohol or drugs. *Id.* at 7. Mr. Phillips has failed to demonstrate that the Career Offender guidelines no longer apply to him, which further undermines his request that the Court reconsider its denial of his two-point reduction request. *See United States v. Cook*, 870 F.3d 464, 470 (6th Cir. 2017) (citing *United States v. Payton*, 617 F.3d 911, 914 (6th Cir. 2010)).

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** that Mr. Phillips's Motion for Reconsideration **[R. 110]** is **DENIED**.

This is the 10th day of August, 2022.

Gregory F. Van Tatenhove
United States District Judge

5